RYAN ALEXANDER, ESQ.
Nevada Bar No 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Suite 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
Ryan@RyanAlexander.us
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN JOSE MARTINEZ, an Individual;<br><br>       Plaintiff,<br><br>   v.<br><br>JAMES RIVER INSURANCE COMPANY, a Virginia Insurance Company, and DOES I-X, unknown persons or entities,<br><br>       Defendants. | Case No. 2:19-cv-01646-RFB-NJK<br>Hon. Richard F. Bouleware, II<br><br>**AMENDED MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**Oral Argument Requested** |

COMES NOW the Plaintiff, JUAN JOSE MARTINEZ ("Martinez"), by and through his attorneys of record, RYAN ALEXANDER, ESQ. of the law firm RYAN ALEXANDER, CHTD., moves to compel responses to Plaintiff's First Interrogatories and Requests for Production of Documents as required by the Federal Rules of Civil Procedure. This amended motion ("Motion") is made and based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, the amended declaration of Ryan Alexander, and any oral argument that the Court may entertain.

Pursuant to Federal LR 26-7(b), Plaintiff asserts that the undersigned counsel consulted with counsel for JAMES RIVER INSURANCE COMPANY ("James River") **multiple times between November 21, 2019, and February 26, 2020,** with sincere attempts to resolve the discovery dispute at issue before requesting judicial intervention. Nevertheless, Plaintiff's efforts to resolve the dispute without involving Court intervention were unsuccessful. Accordingly, Plaintiff must seek an Order from this court compelling James River's supplemental answers to five

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

of Plaintiff's First Interrogatories and eight Requests for Production of Documents. *See Declaration of Ryan Alexander in support of Motion to Compel ("Alexander Decl.").*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PERTINENT FACTS

This is a lawsuit regarding James River's handling of Martinez's underinsured-uninsured ("UM/UIM") first-party insurance claim and the subsequent delayed settlement, failure to perform a thorough investigation of Martinez's loss, failure to perform promptly under the Policy, and failed to and/or otherwise refused to compensate Martinez for expenses and/or pain and suffering resulting from the motor vehicle accident that occurred on August 11, 2018. *See* Complaint, Dkt. #1. The accident was caused by non-party, ALANA CLEMENTE ZAMARIA ("Clemente"). Clemente's insurer tendered their policy limits; however, when Martinez submitted a claim to James River under the UM/UIM policy, James River valued the claim well below the total cost of the medical specials, including future treatment. The claims of this lawsuit center on the actions, negligence, decisions, communications, procedures and internal documentation of James River.

Plaintiff served thirteen (13) Interrogatories and twelve (12) Requests for Production of Documents ("RFP") pursuant to FRCP 34 on October 14, 2019. On November 18, 2019, James River served its responses. Exs. 1, 2 to *Alexander Decl*. However, most of the responses contained only objections and generalized references to James River's initial disclosure documents. *Alexander Decl*. The discovery requests at issue, and their responses, are as follows:

### INTERROGATORIES

**REQUEST NO. 1:**
State the date and amount of each offer made to JUAN JOSE MARTINEZ, or his counsel, in an attempt to settle his claim(s) and state the method the offer was made (i.e., written, oral, etc.)

**ANSWER TO REQUEST NO. 1:**
Defendant objects to Interrogatory No. l on the grounds that it is compound, overly broad and unduly burdensome in that it is unlimited in time and scope, seeks information that is already in Plaintiffs possession, and is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections, Defendant responds as follows:

James River Insurance Company made Plaintiff an initial offer. As Plaintiff never responded to the initial offer, no further offers were made. Discovery is ongoing.

As a result, Defendant reserves the right to supplement or amend these responses at a later date.

**REQUEST NO. 3:**
State the net worth of JAMES RIVER INSURANCE for each of the last five (5) fiscal years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

**ANSWER TO REQUEST NO. 3:**
Defendant objects to Interrogatory No. 3 on the grounds that that the terms "net worth," "fiscal years," and generally accepted accounting principles" are vague and 6 ambiguous. Defendant further objects on the grounds that this request is overly broad and unduly burdensome in time and scope and is neither relevant nor likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory is objected to on the grounds that it is confidential financial information protected from disclosure.

**REQUEST NO. 4:**
State the net income or loss of JAMES RIVER INSURANCE for each of the last five (5) fiscal years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

**ANSWER TO REQUEST NO. 4:**
Defendant objects to Interrogatory No. 4 on the grounds that that the terms "net income or loss," "fiscal years," and generally accepted accounting principles" are vague and ambiguous. Defendant further objects on the grounds that this request is overly broad and unduly burdensome in time and scope and is neither relevant nor likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory is objected to on the grounds that it is confidential financial information protected from disclosure.

**REQUEST NO. 7:**
Identify all manuals, including, but not limited to, training manuals, procedural manuals, and instruction manuals, used for the evaluation of claims, including any software used by you for evaluating claims.

**ANSWER TO REQUEST NO. 7:**
Defendant objects to Interrogatory No. 7 on the grounds that the terms "manuals," "training manuals, procedural manuals, and instruction manuals," "used for the evaluation of claims" and "software used by you for evaluating claims" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

it is overly broad and unduly burdensome in time and scope and is neither relevant nor likely to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this Interrogatory seeks trade secrets, commercially sensitive information, and confidential proprietary data entitled to protection.

**REQUEST NO. 13:**
Identify all persons or investigators contacted or contracted to provide any *sub rosa* surveillance video of the Plaintiff.

**ANSWER TO REQUEST NO.13:**
Defendant objects to Interrogatory No. 13 on the grounds that the terms "all persons or investigators," "contacted or contracted," and "sub rosa surveillance video" are vague and ambiguous. This Interrogatory is further objected to on the grounds that it is overly broad and unduly burdensome in time and scope and seeks attorney work-product. Moreover, this Request is objected to on the grounds that it seeks materials prepared in anticipation of litigation.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**
CLAIM FILES: Please produce all documents. writings, and communications that were produced as a result of, or are related to, JUAN JOSE MARTINEZ' claim and the claim for coverage. These documents should include, but not be limited to, the entire claim file, investigation file, printouts from all computer communications and  electronic databases and logs, all electronically imaged documents and all reports and investigations.

**RESPONSE TO REQUEST NO. 1:**
Defendant objects to Request No. 1 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and seeks documents that are already in Plaintiffs possession. Defendant further objects to the Requests because it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection.

**REQUEST NO. 2:**
Produce all documents and recordings, including but not limited to recorded messages, recorded statements, transcripts of recorded statements, letters, and emails between Plaintiff JUAN JOSE MARTINEZ and any agents of your insurance company regarding the crash of August 11, 2018 at issue in the Complaint.

**RESPONSE TO REQUEST NO. 2:**
Defendant objects to Request No. 2 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and seeks documents that are already in Plaintiffs possession.

RYAN ALEXANDER, CHTD.

3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

**REQUEST NO. 3:**
CLAIM MANUALS: Please produce all documents, writings. and communications that are used by claims personnel for reference, training, and guidelines for the adjusting of JUAN JOSE MARTINEZ' claim(s). These items should include, but not be limited to, all claims manuals, all information and guidelines for the adjudication of claims and all other resources used by JUAN JOSE MARTINEZ' insurance personnel for the adjudication of claims.

**RESPONSE TO REQUEST NO. 3:**
Defendant objects to Request No. 3 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and is neither relevant nor likely to lead to the discovery of admissible evidence. Defendant further objects to the Requests because it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection.

**REQUEST NO. 4:**
THIRD-PARTY ADMINISTRATION CONTRACTS: Please produce all documents, writings, and communications, and amendments thereto, for the contracting of third-party administration and outsourcing of any operations related to new business processing, policy issue, policyholder services, claims processing, billing, collection, and payment receipt.

**RESPONSE TO REQUEST NO. 4:**
Defendant objects to Request No. 4 on the grounds that it is vague and ambiguous, incomprehensible and places the burden on Defendant to determine what documents Plaintiff is seeking. This Request is further objected to on the grounds that it is compound and is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**
FINANCIAL STATEMENTS: Please produce all documents, writings, communications, financial statements, both audited and unaudited, and amendments thereto, which show your net worth for the last five (5) years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

**RESPONSE TO REQUEST NO. 5:**
Defendant objects to Request No. 5 on the grounds that it is vague and ambiguous, compound, overbroad in time and scope, and is neither relevant nor likely to lead to the discovery of admissible evidence. This Request is also objected to on the grounds that it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection.

**REQUEST NO. 6:**
FINANCIAL STATEMENTS: Please produce all documents, writings, communications, financial statements, both audited and unaudited, and amendments thereto, which state your net income or loss for the last five (5) years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

RYAN ALEXANDER, CHTD.

3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

**RESPONSE TO REQUEST NO. 6:**
Defendant objects to Request No. 6 on the grounds that it is vague and ambiguous, compound, overbroad in time and scope, and is neither relevant nor likely to lead to the discovery of admissible evidence. This Request is also objected to on the grounds that it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection.

**REQUEST NO. 8:**
NEW BUSINESS FILES: Please produce all files of the new business department containing information applications made by JUAN JOSE MARTINEZ, or any policies issued to JUAN JOSE MARTINEZ.

**RESPONSE TO REQUEST NO. 8:**
Defendant objects to Request No. 8 on the grounds that it is vague and ambiguous, incomprehensible and places the burden on Defendant to determine what documents Plaintiff is seeking. This Request is further objected to on the grounds that it is compound and is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**
Produce any *sub rosa* surveillance video of the Plaintiff.

**RESPONSE TO REQUEST NO. 9:**
Defendant objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome in time and scope and seeks attorney work-product. Moreover, this Request is objected to on the grounds that it seeks materials prepared in anticipation of litigation.

On November 21, 2019, counsel Ryan Alexander sent a meet and confer email to James River's counsel regarding the insufficient responses, detailing the deficiencies and requesting a conference. Ex. 3 to *Alexander Decl.* On December 6, 2019, Mr. Alexander emailed asking a second time about the responses. Ex. 4. Ms. Wierman responded on December 9, 2019, proposing a phone call on December 10, 2019. Ex. 5. Counsel agreed in response and asked what time, without a response from defense. Ex. 6. On December 12, 2019, Counsel called Mr. Christensen and but he was not available; Counsel followed up with an email and on December 15, 2019, Mr. Christensen said he would be back on Monday, December 16, 2019. Ex. 7. On December 16, 2019, Counsel and Mr. Christensen had a phone conference and discussed the responses. No resolution was reached about the missing response material. Three more emails preceeded a second teleconference on February 27, 2020. Ex. 8-10.

On February 27, 2020 at 3:00pm counsels held a second telephonic meet and confer

for approximately 16 minutes of discussion regarding the requests and motion to compel:

    a.  *Interrogatory #1*: Defense counsel was unaware of any other offer than the April 8, 2019 written offer, and was unaware if any oral negotiations occured.

    b.  *Interrogatory #3*: Defendant believes that this is premature because a basis for punitive damages has not been established, and would be trade secret.

    c.  *Interrogatory #4*: Defendant argues that this is premature because a basis for punitive damages has not been established, and would be trade secret.

    d.  *Interrogatory #7*: Defendant argues that its manuals are trade secret and privileged.

    e.  *Interrogatory #13*: Defendant maintains this would be attorney work product.

    f.  *Request for Production #1:* Defendant cannot produce the claim file as it has not even provided the claim file to their counsel.

    g.  *Request for Production #2*: Defendant has not produced any recorded statements, counsel is unsure those exist.

    h.  *Request for Production #3*: Defendant argues that its manuals are trade secret and privileged.

    i.  *Request for Production #4*: Defendant does not believe there are third-party administration contracts. James River administers their own claims.

    j.  *Request for Production #5*: Defendant believes that this is premature because a basis for punitive damages has not been established, trade secret.

    k.  *Request for Production #6*: Defendant believes that this is premature, trade secret.

    l.  *Request for Production #8*: Defendant's position is that third party UBER TECHNOLOGIES ("UBER") would have any signup or new business files, as JAMES RIVER insures UBER directly. Counsel did not believe there would be any signup paperwork directly between MARTINEZ and JAMES RIVER.

    m.  *Request for Production #9*: Defendant's position is that *sub rosa* video used for impeachment evidence does not need to be produced until trial and is attorney work product.

1  *Alexander Decl.*

2      James River has not produced any of the responsive documents discussed at the meet and

3  confer and in the multiple written emails. The depositions of James River claims employees need to

4  be set, and the initial expert disclosure is due June 18, 2020. *Id.* Plaintiff requires the complete

5  claim file and all internal documents that relate to it and the claims adjustment manuals prior to

6  March 2020, in order to prepare and examine witnesses and get expert report(s) completed. *Id.*

7                                    **II. ARGUMENT**

8  **A. James River should be compelled to provide supplemental Answers to the First Set of**

9      **Interrogatories and Requests for Production**

10  FRCP 34 provides:

    (a) In General. A party may serve on any other party a request within the scope of Rule
11  26(b):

12

13          (1) to produce and permit the requesting party or its representative to inspect, copy,
        test, or sample the following items in the responding party's possession, custody, or
14      control:

15              (A) any designated documents or electronically stored information—including
            writings, drawings, graphs, charts, photographs, sound recordings, images,
16          and other data or data compilations—stored in any medium from which
            information can be obtained either directly or, if necessary, after translation by
17          the responding party into a reasonably usable form; or

18              (B) any designated tangible things…

19  FRCP 26(e) states in part:

20  (e)      Supplementing Disclosures and Responses.
        (1)      In General. A party who has made a disclosure under Rule 26(a)-or who has
21          responded to an interrogatory, request for production, or request for
            admission- must supplement or correct its disclosure or response:
22          (A)      In a timely manner if the party learns that in some material respect
23              the disclosure or response is incomplete or incorrect, and if the
                additional or corrective information has not otherwise been made
24              known to the other parties during the discovery process or in writing;
                or
25
            (B) as ordered by the court.
26

27  Pursuant to FRCP 37:

        A party may move for an order compelling disclosure or discovery. The Motion must
28      include a certification that the movant has in good faith conferred or attempted to

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without Court action.

FRCP 37(a)(5)(A) further provides that:

If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Plaintiff requested these documents multiple times. While counsels have enjoyed a courteous and amicable working relationship during this litigation, James River is delaying production of these documents and this is severely prejudicing the Plaintiff. It appears that James River will not comply unless compelled by the Court.

**B.  Interrogatory #1: Date, Method and Amount of Offer**

Plaintiff included pleadings regarding the offer made by James River, but has asked for a verified response to confirm the factual allegations and for the details from Defendant's person(s) most knowledgeable. This is reasonable information to demand as this Court has stated that, "the claim file in an insurance bad faith action contains critical evidence regarding the investigation, analysis, and ultimate decision regarding an insured's claim." *Nat'l Fire & Marine Ins. Co. v. Gurr, 3:05CV 0658 BES 9VPC), 2006 Wl 2990360 (D. Nev. 2006)*. The Ninth Circuit has found that "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling..." *Id.* citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). "In a bad faith insurance claim settlement case, the 'strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue," and that "[t]his Court has also held that "[d]iscovery of opinion work product is permitted in insurance 'bad faith' claims because the mental impressions of the insurer's representatives in handling the claim and making coverage decisions are directly at issue and the insured's need for the material is compelling..." *Id.* (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (quoting *Reavis v. Metro. Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 163 (S.D. Cal. 1987); *Residential Constructors, LLC v. Ace Prop. & Cas. Ins.* Co.,

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

2:05CVOI318BES-GWF, 2006 WL 3149362 (D. Nev. Nov. 1,2006). The claims file cannot be withheld on the basis of work-product doctrine, "because not all of the materials contained within the claims file is allowable work-product prepared in anticipation of litigation." *Schmidt v. California State Auto. Ass'n*, 127 F.R.D. 182,184 (D. Nev. 1989). The routine claims processing material prepared in the ordinary course of the insurance business will not be immunized from discovery." *Schmidt*, 127 F.R.D. at 184. A bad faith claim requires proof that the denial of benefits was unreasonable. *Henderson v. Prop. & Cas. Ins. Co. of Hartford* (D. Nev. 2012). However, an insurer may breach an insurance contract with its insured if it fails to pay benefits due under the policy, that is, it can breach its contract by an incorrect, but not "unreasonable" denial. *Id.* The information the insurer had in reaching its decision to deny benefits, and its rationale for denying benefits is relevant and discoverable on both issues. *Id.*

These facts are needed to prove up the claims process and are directly and precisely relevant to Plaintiff's causes of action. Privilege was not asserted. The Federal Rules value timely prosecution of litigation and the rules regarding supplementing discovery reflect that Plaintiff acted reasonably in trying to obtain the information but cannot wait in perpetuity for James River to respond. Indeed, initial expert disclosures are due in eight weeks. Based on the above information, Plaintiff respectfully requests an order compelling James River to supplement their response with the actual offer information and a verified response.

### C. Interrogatory #3: Net Worth of JAMES RIVER INSURANCE

James River must provide calculations of its net worth for the five fiscal years that Plaintiff can rely on at trial. Insurance bad faith causes of action bring prayers for punitive damages, which can be awarded. "A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101 at * 3; *Momot v. Mastro* (D. Nev. 2011). Although the Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged, *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), most courts do not require the plaintiff to make a *prima facie* showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth. *Nassiri*, 2011 WL

318101 at *3. The countervailing approach, and the one chosen by the Supreme Court of Nevada, is that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *See e.g. Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev. 1994) (Nevada law allows for the discovery of income tax returns when related to the issue of punitive damages, so long as the requesting party has demonstrated some factual basis for the punitive damages claim); *Chenowith v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983) (denying discovery of tax and other financial records because the complaint revealed nothing more than conclusory statements to indicate "a real possibility that punitive damages would be an issue sufficient to allow the information requested").

Since Martinez has requested punitive damages in the complaint, the standard under the majority approach is met. *Momot*, supra; see also *Cal. Psychiatric Transitions*, 258 F.R.D. at 395. He has met the higher burden of the minority approach, inasmuch as he has set forth specific facts that plead oppressive, fraudulent or malicious behavior by James River. In order to calculate proper punitive damages, the financial information of James River is relevant and admissible. As part of the meet and confer on these written discovery issues, James River was invited to address which financial disclosure is sufficient to calculate a value for punitive damages. Further, since they are not privileged, they are discoverable and should be produced.

### D. Interrogatory #4: Net Income of JAMES RIVER INSURANCE

James River must provide calculations of its net income for the five fiscal years that Plaintiff can rely on at trial. Insurance bad faith causes of action bring prayers for punitive damages, which can be awarded.  "A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101 at * 3; *Momot v. Mastro* (D. Nev. 2011). Although the Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged, *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), most courts do not require the plaintiff to make a *prima facie* showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth. *Nassiri*, 2011 WL 318101 at *3. The countervailing approach, and the one chosen by the Supreme Court of Nevada, is

11

1    that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *See*

2    *e.g. Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519,

3    874 P.2d 762, 766 (Nev. 1994) (Nevada law allows for the discovery of income tax returns when

4    related to the issue of punitive damages, so long as the requesting party has demonstrated some

5    factual basis for the punitive damages claim); *Chenowith v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa.

6    1983) (denying discovery of tax and other financial records because the complaint revealed nothing

7    more than conclusory statements to indicate "a real possibility that punitive damages would be an

8    issue sufficient to allow the information requested").

9         Since Martinez has requested punitive damages in the complaint, the standard under the

10   majority approach is met. *Momot*, supra; see also *Cal. Psychiatric Transitions*, 258 F.R.D. at 395.

11   He has met the higher burden of the minority approach, inasmuch as he has set forth specific facts

12   that plead oppressive, fraudulent or malicious behavior by James River. In order to calculate proper

13   punitive damages, the current financial information of James River is relevant and admissible. As

14   part of the meet and confer on these written discovery issues, James River was invited to address

15   which financial disclosure is sufficient to calculate a value for punitive damages. Further, since they

16   are not privileged, they are discoverable and should be produced.

17

18   **E.  Interrogatory #7: Claims Evaluation and Training Manuals**

19        Claims and training manuals identify the standards that James Rivers teaches to and imposes

20   on its claims adjusters, while software controls the evaluation and calculations used by James River

21   adjusters. Claims manuals and claims handling information are relevant in breach of contract cases.

22   *Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 521 (D. Nev. 2013) *Int'l Game Tech. v.*

23   *Ill. Nat'l Ins. Co.* (D. Nev. 2017); *see also Phillips v. Clark Cty. Sch. Dist.*, 2012 U.S. Dist. LEXIS

24   5309, *11-14 (D. Nev. Jan. 18, 2012) (finding relevant claims bulletins, guidelines, or

25   memorandum relating to claims adjusting, "documents reciting company philosophies and policies

26   regarding claims handling policies," procedural or operational manuals which instruct employees on

27   their responsibilities, and procedures and guidelines for reviewing and determining claims for

28   coverage); *Olin Corp. v. Cont'l Cas. Co.,* 2011 U.S. Dist. LEXIS 98177, *9-10 (D. Nev. Aug. 30,

2011) (finding relevant "general company-wide manuals, guidelines, [and] claims-handling procedures..."). Claims handling manuals or guidelines are relevant even when a claim of bad faith has not been made because such documentation could reveal if Plaintiffs provided insufficient information in seeking coverage under their policy or if general claims handling guidelines are inconsistent with the requirements of Plaintiffs' policy. *Int'l Game Tech. v. Ill. Nat'l Ins. Co*. (D. Nev. 2017). James River's response to Interrogatory #7 was that it is vague and ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and is neither relevant nor likely to lead to the discovery of admissible evidence. Defendant further objects to the Requests because it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection. This is not privileged material and is typically produced in all bad faith insurance actions. As discussed above, the claims handling manuals, and all documents responsive to Interrogatory #7 are directly relevant to Plaintiff's claims of negligent or improper claims handling, and must be produced.

### F.  Interrogatory #13: Investigators and *Sub Rosa* Video

James River did not disclose whether or not it has taken *sub rosa* video or images of its insured, Plaintiff Martinez. This Court has previously ordered such footage to be produced and expressed the paramount goals of transparency, collaboration, and efficiency in the discovery process. *See Kelley v. Smith's Food & Drug Ctrs., Inc*. (D. Nev. 2014), *citing Apple, Inc. v. Samsung Electronics Co*., No. 12-CV-0630-LHK PSG, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013). The *Smith's* Court explained:

> "[T]he recipient of a properly propounded document request must produce all responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial." *Varga v. Rockwell Int'l Corp*., 242 F.3d 693, 697 (6th Cir. 2001) (emphasis added). Indeed, a party "may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial." *Id*. (emphasis added). In other words, a "specific discovery request makes impeachment evidence [such as the video at issue] discoverable." *Newsome v. Penske Truck Leasing Corp*., 437 F. Supp. 2d 431, 437 (D. Md. 2006)); see also *Terrell v. OTS, Inc*., No. 109-CV-626-RWS, 2011 WL 864501, at *2 (N.D. Ga. Mar. 9, 2011) ("[E]ven assuming the[..] [recordings] were only for impeachment, these recordings should have been

disclosed [and produced] because they were specifically requested by the Plaintiff in discovery.") (citing *Varga*, 242 F.3d at 697). Thus, although the video at issue has impeachment value, defendant should have produced the video upon its receipt of plaintiff's RFP because the video was properly and specifically requested by plaintiff in that RFP. See Doc. # 25 at 11 (defendant's response to plaintiff's RFP).

*Id*. ("[T]ransparency and collaboration [are] essential to meaningful, cost-effective discovery"); Courts generally have ordered parties to produce materials to promote such goals, particularly the goal of transparency. *See e.g., Whitney v. City of Milan, Tenn*., No. 09-1127, 2010 WL 2011663, at *3 (W.D. Tenn. May 20, 2010) (Court denies plaintiff's request to withhold recordings for impeachment purposes until after depositions are complete, holding, among others, that gamesmanship with information is discouraged by the federal rules); *Rofail v. United States of America*, 227 F.R.D. 53, 58 (E.D.N.Y. 2005) (Court held that plaintiff must produce recording because "[o]pen discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred."). James River must be compelled to disclose whether it intended to or has actually surveilled Martinez, who it hired to do so and when.

### G. Request for Production #1: The <u>Entire</u> Claim File

It is reasonable for Plaintiff to demand documents from James River, including subsequent reports, emails, internal correspondence, directives <u>to</u> defense counsel, status report letters, memorandums to vice presidents about claim exposure, discussions or minutes about excess exposure, reserves documentation, etc. bad faith case and the claims file is relevant and discoverable. This Court has stated that "the claim file in an insurance bad faith action contains critical evidence regarding the investigation, analysis, and ultimate decision regarding an insured's claim." *Nat'l Fire & Marine Ins. Co. v. Gurr, 3:05CV 0658 BES 9VPC), 2006 Wl 2990360 (D. Nev. 2006)*. The Ninth Circuit has found that "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling..." *Id*. citing *Holmgren v. State Farm Mut. Auto. Ins. Co*., 976 F.2d 573, 577 (9th Cir. 1992). "In a bad faith insurance claim settlement case, the 'strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue," and that "[t]his Court has also

14

held that "[d]iscovery of opinion work product is permitted in insurance 'bad faith' claims because the mental impressions of the insurer's representatives in handling the claim and making coverage decisions are directly at issue and the insured's need for the material is compelling..." *Id.* (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (quoting *Reavis v. Metro. Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 163 (S.D. Cal. 1987); *Residential Constructors, LLC v. Ace Prop. & Cas. Ins.* Co., 2:05CVOI318BES-GWF, 2006 WL 3149362 (D. Nev. Nov. 1,2006). The entire claims file cannot be withheld on the basis of work-product doctrine, "because not all of the materials contained within the claims file is allowable work-product prepared in anticipation of litigation." *Schmidt v. California State Auto. Ass'n*, 127 F.R.D. 182,184 (D. Nev. 1989). The routine claims processing material prepared in the ordinary course of the insurance business will not be immunized from discovery." *Schmidt*, 127 F.R.D. at 184. The claims file cannot be withheld based on attorney-client privilege, as this Court held in *Schmidt* that:

> "[t]he entire claims file is not shielded by the attorney-client privilege because not all of the material within the claims file embodies confidential communications between the defendant and an attorney acting in the role of attorney. Typically, most of what is in the claims file is simply the ordinary work-product of the defendant's employees, and not privileged communications between client and attorney, although some such material may also be in the claims file."

While some documentation has been provided to plaintiff, the documents contain negligible information that provides no insight as to the strategy and mental impressions of the agents handling the claim. The defendants must disclose the full extent of its claims file other than matters that are strictly attorney-client privileged. Further, late and improper claims to privilege should be stricken for failure to comply with Rule 26(b)(5)(A). Rule 26(b)(5)(A) requires a party withholding information due to a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Any privilege objection is waived, as (1) Defendant's responses provide no information by which Plaintiff or the Court can legitimately evaluate whether the withheld documents are actually privileged; (2) Defendants did not serve a privilege log; (3) the claims file is pivotal for Plaintiff's case and, in fact, is the most crucial documentation necessary for Plaintiffs

bad faith expert to render opinions; and (4) it should not be difficult for Defendant to produce its claims file on this one particular matter."(using the Ninth Circuit's analysis in *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 647-48 (D. Nev. 2010) (*quoting Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). *Renfrow v. Redwood Fire & Cas. Ins. Co*. (D. Nev. 2013). These documents are needed to prove up the claims process and are directly and precisely relevant to Plaintiff's causes of action. Privilege was not asserted. The Federal Rules value timely prosecution of litigation and the rules regarding supplementing discovery reflect that Plaintiff acted reasonably in trying to obtain the information but cannot wait in perpetuity for James River to respond. Indeed, initial expert disclosures are due in six weeks. Based on the above information, Plaintiff respectfully requests an order compelling James River to supplement their response to RFP 1 with the <u>complete</u> file.

## H. Request for Production #2: All of James River's Internal Communication Regarding Martinez

Beyond the claim file documents from James River, in case James River deemed that any communication regarding Plaintiff was not "in" or within the purview of the Claim File, Plaintiff further requested all internal communications regarding Juan Jose Martinez including recorded messages, recorded statements, transcripts of recorded statements, letters, and emails between Plaintiff JUAN JOSE MARTINEZ and any agents of James River, etc. As discussed above, this Court has stated that, "the claim file in an insurance bad faith action contains critical evidence regarding the investigation, analysis, and ultimate decision regarding an insured's claim." *Nat'l Fire & Marine Ins. Co. v. Gurr, 3:05CV 0658 BES 9VPC), 2006 Wl 2990360 (D. Nev. 2006)*. The Ninth Circuit has found that "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling..." *Id*. citing *Holmgren v. State Farm Mut. Auto. Ins. Co*., 976 F.2d 573, 577 (9th Cir. 1992). "In a bad faith insurance claim settlement case, the 'strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue," and that "[t]his Court has also held that "[d]iscovery of opinion work product is permitted in insurance 'bad faith' claims because the mental impressions

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

of the insurer's representatives in handling the claim and making coverage decisions are directly at issue and the insured's need for the material is compelling..." *Id.* (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (quoting *Reavis v. Metro. Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 163 (S.D. Cal. 1987); *Residential Constructors, LLC v. Ace Prop. & Cas. Ins.* Co., 2:05CVOI318BES-GWF, 2006 WL 3149362 (D. Nev. Nov. 1,2006). The communications regarding Juan Jose Martinez' claim cannot be withheld on the basis of work-product doctrine, "because not all of the materials contained within the claims file is allowable work-product prepared in anticipation of litigation." *Schmidt v. California State Auto. Ass'n*, 127 F.R.D. 182,184 (D. Nev. 1989). The routine claims processing material prepared in the ordinary course of the insurance business will not be immunized from discovery." *Schmidt*, 127 F.R.D. at 184. The claims file cannot be withheld based on attorney-client privilege, as this Court held in *Schmidt* that:

> "[t]he entire claims file is not shielded by the attorney-client privilege because not all of the material within the claims file embodies confidential communications between the defendant and an attorney acting in the role of attorney. Typically, most of what is in the claims file is simply the ordinary work-product of the defendant's employees, and not privileged communications between client and attorney, although some such material may also be in the claims file."

While some documentation has been provided to plaintiff, the documents contain negligible information that provides no insight as to the strategy and mental impressions of the agents handling the claim. The defendants must disclose the full extent of its claims file other than matters that are strictly attorney-client privileged. Further, late and improper claims to privilege should be stricken for failure to comply with Rule 26(b)(5)(A). Rule 26(b)(5)(A) requires a party withholding information due to a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Any privilege objection is waived, as (1) Defendant's responses provide no information by which Plaintiff or the Court can legitimately evaluate whether the withheld documents are actually privileged; (2) Defendants did not serve a privilege log; (3) the claims file is pivotal for Plaintiff's case and, in fact, is the most crucial documentation necessary for Plaintiffs bad faith expert to render opinions; and (4) it should not be difficult for Defendant to produce its

claims file on this one particular matter."(using the Ninth Circuit's analysis in *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 647-48 (D. Nev. 2010) (*quoting Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). *Renfrow v. Redwood Fire & Cas. Ins. Co*. (D. Nev. 2013). These documents are needed to prove up the claims process and are directly and precisely relevant to Plaintiff's causes of action. Privilege was not asserted. The Federal Rules value timely prosecution of litigation and the rules regarding supplementing discovery reflect that Plaintiff acted reasonably in trying to obtain the information but cannot wait in perpetuity for James River to respond. Indeed, initial expert disclosures are due in eight weeks. Based on the above information, Plaintiff respectfully requests an order compelling James River to supplement their response to RFP 2 with all communications regarding Juan Jose Martinez, whether or not they were included "within" the claim file.

I.   **Request for Production #3: James River's Claims Manuals**

James River's response to RFP #3 was that Defendant objects to Request No. 3 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and is neither relevant nor likely to lead to the discovery of admissible evidence. Defendant further objected to the Requests because it seeks trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection. Claims manuals and claims handling information are relevant in breach of contract cases. *Renfrow v. Redwood Fire & Cas. Ins. Co*., 288 F.R.D. 514, 521 (D. Nev. 2013) *Int'l Game Tech. v. Ill. Nat'l Ins. Co.* (D. Nev. 2017); *see also Phillips v. Clark Cty. Sch. Dist.*, 2012 U.S. Dist. LEXIS 5309, *11-14 (D. Nev. Jan. 18, 2012) (finding relevant claims bulletins, guidelines, or memorandum relating to claims adjusting, "documents reciting company philosophies and policies regarding claims handling policies," procedural or operational manuals which instruct employees on their responsibilities, and procedures and guidelines for reviewing and determining claims for coverage); *Olin Corp. v. Cont'l Cas. Co.,* 2011 U.S. Dist. LEXIS 98177, *9-10 (D. Nev. Aug. 30, 2011) (finding relevant "general company-wide manuals, guidelines, [and] claims-handling procedures..."). Claims handling manuals or guidelines are relevant even when a claim of bad faith has not been made because such

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1   documentation could reveal if Plaintiffs provided insufficient information in seeking coverage

2   under their policy or if general claims handling guidelines are inconsistent with the requirements of

3   Plaintiffs' policy. *Int'l Game Tech. v. Ill. Nat'l Ins. Co*. (D. Nev. 2017). The claims handling

4   manuals, and all documents responsive to RFP #3 are directly relevant to Plaintiff's claims of

5   negligent or improper claims handling, and must be produced.

6

7   **J.   Request for Production #4: James River's Third Party Administration Contracts**

8          Plaintiff requested all contracts regarding third-party administration and outsourcing of any

9   operations related to new business processing, policy issue, policyholder services, claims processing,

10  billing, collection, and payment receipt to clarify James Rivers' internal processes and to determine

11  if any other entities were involved in management or handling of Plaintiff's application, policy,

12  claim and claims decisions. It is common in the insurance industry for third party evaluators and

13  adjusters to be involved in claim analysis. They must be identified for further discovery, depositions,

14  subpoena, and possibly to be named as DOE parties if they have committed identifiable torts against

15  the Plaintiff.

16

17  **K.   Request for Production #4: James River's Financial Statements Proving Net Worth**

18         Insurance bad faith causes of action bring prayers for punitive damages, which can be

19  awarded.  "A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate*

20  *Ins. Co. v. Nassiri*, 2011 WL 318101 at * 3; *Momot v. Mastro* (D. Nev. 2011). Although the Ninth

21  Circuit has not defined the parameters of the dissemination of financial information during discovery

22  when punitive damages are alleged, *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D.

23  Cal. 2009), most courts do not require the plaintiff to make a *prima facie* showing of merit on its

24  punitive damage claim before permitting discovery of a defendant's net worth. *Nassiri*, 2011 WL

25  318101 at *3. The countervailing approach, and the one chosen by the Supreme Court of Nevada, is

26  that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *See*

27  *e.g. Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519,

28  874 P.2d 762, 766 (Nev. 1994) (Nevada law allows for the discovery of income tax returns when

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1   related to the issue of punitive damages, so long as the requesting party has demonstrated some

2   factual basis for the punitive damages claim); *Chenowith v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa.

3   1983) (denying discovery of tax and other financial records because the complaint revealed nothing

4   more than conclusory statements to indicate "a real possibility that punitive damages would be an

5   issue sufficient to allow the information requested").

6          Since Martinez has requested punitive damages in the complaint, the standard under the

7   majority approach is met. *Momot*, supra; see also *Cal. Psychiatric Transitions*, 258 F.R.D. at 395.

8   He has met the higher burden of the minority approach, inasmuch as he has set forth specific facts

9   that plead oppressive, fraudulent or malicious behavior by James River. In order to calculate proper

10  punitive damages, the financial information of James River is relevant and admissible. As part of the

11  meet and confer on these written discovery issues, James River was invited to address which

12  financial material is sufficient to calculate a net worth value for punitive damages. Further, since

13  they are not privileged, they are discoverable and should be produced.

14

15  **L.  Request for Production #4: James River's Financial Statements Proving Net Income**

16         In order to calculate proper punitive damages, the net income of James River is relevant and

17  admissible. Insurance bad faith causes of action bring prayers for punitive damages, which can be

18  awarded.  "A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate*

19  *Ins. Co. v. Nassiri*, 2011 WL 318101 at * 3; *Momot v. Mastro* (D. Nev. 2011). Although the Ninth

20  Circuit has not defined the parameters of the dissemination of financial information during discovery

21  when punitive damages are alleged, *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D.

22  Cal. 2009), most courts do not require the plaintiff to make a *prima facie* showing of merit on its

23  punitive damage claim before permitting discovery of a defendant's net worth. *Nassiri*, 2011 WL

24  318101 at *3. The countervailing approach, and the one chosen by the Supreme Court of Nevada, is

25  that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *See*

26  *e.g. Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519,

27  874 P.2d 762, 766 (Nev. 1994) (Nevada law allows for the discovery of income tax returns when

28  related to the issue of punitive damages, so long as the requesting party has demonstrated some

factual basis for the punitive damages claim); *Chenowith v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983) (denying discovery of tax and other financial records because the complaint revealed nothing more than conclusory statements to indicate "a real possibility that punitive damages would be an issue sufficient to allow the information requested").

Since Martinez has requested punitive damages in the complaint, the standard under the majority approach is met. *Momot*, supra; see also *Cal. Psychiatric Transitions*, 258 F.R.D. at 395. He has met the higher burden of the minority approach, inasmuch as he has set forth specific facts that plead oppressive, fraudulent or malicious behavior by James River. As part of the meet and confer on these written discovery issues, James River was invited to address which financial material is sufficient to calculate a net income value in order to present facts and argument regarding punitive damages. Further, since net income is not privileged, such statements are discoverable and should be produced.

### M. Request for Production #8: New Business File for Juan Jose Martinez

If not included within the claim file, Plaintiff specifically requests the new business file for Martinez which would include the application for insurance, any contracts, policies and riders that would apply in this case. As discussed above, these documents would be foundational for any representations that James River made to Martinez about his insurance coverage, and the information that Martinez provided to James River to get coverage.

### N. Request for Production #9: Sub Rosa Video and Surveillance

James River did not disclose whether or not it has taken *sub rosa* video or images of its insured, Plaintiff Martinez. This Court has previously ordered such footage to be produced and expressed the paramount goals of transparency, collaboration, and efficiency in the discovery process. *See Kelley v. Smith's Food & Drug Ctrs., Inc.* (D. Nev. 2014), *citing Apple, Inc. v. Samsung Electronics Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013). The *Smith's* Court explained:

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.

3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

"[T]he recipient of a properly propounded document request must produce all responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) (emphasis added). Indeed, a party "may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial." *Id.* (emphasis added). In other words, a "specific discovery request makes impeachment evidence [such as the video at issue] discoverable." *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006)); see also *Terrell v. OTS, Inc.*, No. 109-CV-626-RWS, 2011 WL 864501, at *2 (N.D. Ga. Mar. 9, 2011) ("[E]ven assuming the[..] [recordings] were only for impeachment, these recordings should have been disclosed [and produced] because they were specifically requested by the Plaintiff in discovery.") (citing *Varga*, 242 F.3d at 697). Thus, although the video at issue has impeachment value, defendant should have produced the video upon its receipt of plaintiff's RFP because the video was properly and specifically requested by plaintiff in that RFP. See Doc. # 25 at 11 (defendant's response to plaintiff's RFP).

*Id.* ("[T]ransparency and collaboration [are] essential to meaningful, cost-effective discovery"); Courts generally have ordered parties to produce materials to promote such goals, particularly the goal of transparency. *See e.g., Whitney v. City of Milan, Tenn*., No. 09-1127, 2010 WL 2011663, at *3 (W.D. Tenn. May 20, 2010) (Court denies plaintiff's request to withhold recordings for impeachment purposes until after depositions are complete, holding, among others, that gamesmanship with information is discouraged by the federal rules); *Rofail v. United States of America*, 227 F.R.D. 53, 58 (E.D.N.Y. 2005) (Court held that plaintiff must produce recording because "[o]pen discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred."). James River must be compelled to disclosed whether it has surveilled Martinez, and if so, produce the materials it has in response to the Interrogatory and Request for Production.

### III. CONCLUSION

These discovery requests are directly pertinent, lead to admissible evidence and are not protected by privilege. The scope of the requests is not abusive or overbroad. Only thirteen interrogatories and twelve requests for production of documents were even served, which reflects that Plaintiff does not intend to waste time or resources. James River must be compelled to produce responses to Interrogatories #1, 3, 4, 7 and 13, and Requests for Production #1, 2, 3, 4, 5, 6, 8 and 9.

1  Further, pursuant to FRCP 37(a)(5)(A), Plaintiff moves for attorney's fees and costs for bringing this
2  amended motion.

3

4  Dated this 27th day of February, 2020.          RYAN ALEXANDER, CHTD.

5                                                  _____
6                                                  RYAN ALEXANDER
7                                                  Nevada Bar No. 10845
                                                   *Attorney for Plaintiff*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

**SUPPORTING DECLARATION OF RYAN ALEXANDER**

RYAN ALEXANDER, being first duly sworn deposes and says:

2.  I am an attorney at law duly licensed to practice in the State of Nevada and am counsel for the Plaintiff.

3.  This is a lawsuit regarding James River's handling of Martinez' insurance claim. The claims of this lawsuit center on the actions, negligence, decisions, communications, procedures and internal documentation of James River.

4.  Plaintiff served thirteen Interrogatories and twelve Requests for Production of Documents pursuant to FRCP 34, and on November 18, 2019, James River served its responses.

5.  A copy of James River's responses to the Interrogatories and Requests for Production are attached as Exs. 1 and 2.

6.  On November 21, 2019, counsel Ryan Alexander sent a meet and confer email to James River's counsel regarding the insufficient responses, detailing the deficiencies and requesting a conference.

7.  A copy of the November 21, 2019 email is attached as Ex. 3.

8.  On December 6, 2019, Mr. Alexander emailed asking a second time about the responses.

9.  A copy of the December 6, 2019 email is attached as Ex. 4.

10. Ms. Wierman responded on December 9, 2019, proposing a phone call on December 10, 2019.

11. A copy of the December 9, 2019 email is attached as Ex. 5.

12. Counsel agreed in response and asked what time, without a response from defense.

13. A copy of the December 9, 2019 email is attached as Ex. 6.

14. On December 12, 2019, Counsel called Mr. Christensen and but he was not available; Counsel followed up with an email and on December 15, 2019, Mr. Christensen said he would be back on Monday, December 16, 2019.

15. A copy of the December 15, 2019 email is attached as Ex. 7.

16. On December 16, 2019, Counsel and Mr. Christensen had a phone conference and discussed the responses. No resolution was reached about the missing response material.

17. James River has not produced any of the responsive documents discussed at the meet and confer and in the multiple written emails.

18. On February 27, 2020 at 3:00pm counsels held a second telephonic meet and confer for approximately 16 minutes of discussion regarding the requests and motion to compel.

   a. *Interrogatory #1*: Defense counsel was unaware of any other offer than the April 8, 2019 written offer.

   b. *Interrogatory #3*: Defendant believes that this is premature because a basis for punitive damages has not been established, trade secret.

   c. *Interrogatory #4*: Defendant believes that this is premature because a basis for punitive damages has not been established, trade secret.

   d. *Interrogatory #7*: Defendant argues that its manuals are trade secret and privileged.

   e. *Interrogatory #13*: Defendant argues that its retention of a private investigator constitutes attorney work product.

   f. *Request for Production #1:* Defendant cannot produce the claim file as it has not even provided the claim file to their counsel.

   g. *Request for Production #2*: Defendant has not produced any recorded statements, counsel is unsure those exist.

   h. *Request for Production #3*: Defendant argues that its manuals are trade secret and privileged.

   i. *Request for Production #4*: Defendant does not believe there are third-party administration contracts. James River administers their own claims.

   j. *Request for Production #5*: Defendant believes that this is premature because a basis for punitive damages has not been established, trade secret.

   k. *Request for Production #6*: Defendant believes that this is premature, trade secret.

   l. *Request for Production #8*: Defendant's position is that third party UBER TECHNOLOGIES ("UBER") would have any signup or new business files, as JAMES RIVER insures UBER directly. Counsel did not believe there would be any signup paperwork directly between MARTINEZ and JAMES RIVER.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

m.  *Request for Production #9*: Defendant's position is that *sub rosa* video used for impeachment evidence does not need to be produced until trial and is attorney work product.

19.  The depositions of James River claims employees need to be set, and the initial expert disclosure is due June 18, 2020.

20.  Plaintiff requires the complete claim file and all internal documents that relate to it and the claims adjustment manuals, in order to prepare and examine witnesses and get expert report(s) completed.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Dated this 27th of February, 2020.           /s/Ryan Alexander
                                              RYAN ALEXANDER, ESQ.

# EXHIBIT 1

1 | LUCIAN J. GRECO, JR., ESQ.
Nevada State Bar No. 10600
2 | JARED G. CHRISTENSEN, ESQ.
Nevada State Bar No. 11538
3 | DELEELA M. WEINERMAN, ESQ.
Nevada State Bar No. 13985
4 | BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
5 | SUITE 250
LAS VEGAS, NV 89144
6 | TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
7 | lgreco@bremerwhyte.com
jchristensen@bremerwhyte.com
8 | dweinerman@bremerwhyte.com

9 | Attorneys for Defendant,
James River Insurance Company
10

11 | **UNITED STATES DISTRICT COURT**

12 | **DISTRICT OF NEVADA**

13

14 | JUAN JOSE MARTINEZ, an individual, )    Case No. 2:19-cv-01646-RFB-NJK
                                       )
15 |            Plaintiff,              )    **DEFENDANT JAMES RIVER**
                                       )    **INSURANCE COMPANY'S**
16 |    vs.                            )    **ANSWERS TO PLAINTIFF'S**
                                       )    **FIRST SET OF**
17 | JAMES RIVER INSURANCE            )    **INTERROGATORIES**
    COMPANY, a Virginia Insurance     )
18 | Company, and DOES I-X, unknown   )
    persons,                          )
19 |                                   )
             Defendants.              )
20 | _____)

21 | **TO:   JUAN JOSE MARTINEZ., Plaintiff; and**

22 | **TO:   RYAN ALEXANDER, Esq., Plaintiff's counsel of record:**

23 |        Defendant JAMES RIVER INSURANCE COMPANY ("Defendant"), by and

24 | through its counsel of record, Lucian J. Greco, Esq., Jared G. Christensen, Esq. and

25 | Deleela M. Weinerman, Esq. of Bremer, Whyte, Brown & O'Meara, LLP, hereby

26 | answers Plaintiff's First Requests for Interrogatories as follows:

27 |        These answers are made solely for the purpose of, and in relation to, this action.

28 | Each response is given subject to appropriate objections (including, but not limited to,

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

1156.963  4831-5168-5546.1

1   objections concerning competency, relevancy, materiality, propriety, and
2   admissibility) which would require the exclusion of any statement contained herein if
3   the interrogatories were asked of, or any statement contained herein were made by, a
4   witness present and testifying in a court. All such objections and grounds therefore
5   are reserved and may be interposed at the time of trial.

6          This Responding Party has not completed its investigation of the facts relating
7   to this action, has not yet completed preparation for trial. The following answers are
8   therefore given without prejudice to this party's rights to allege and/or produce
9   evidence of any subsequently discovered facts and circumstances.

10         Except for facts explicitly admitted herein, no admission of any nature is to be
11  implied or inferred. The fact that any interrogatory herein has been answered should
12  not be taken as an admission, or confession, of the existence of any facts set forth or
13  assumed by such interrogatory, or that such response constitutes evidence of any fact
14  thus set forth or assumed. All answers must be construed as having been given on the
15  basis of this Responding Party's best recollection.

16         These introductory comments shall apply to each and every response
17  given herein and shall be incorporated by reference as though fully set forth in all of
18  the interrogatory answers appearing in the following pages.

19                              **INTERROGATORIES**

20  **REQUEST NO. 1**:

21         State the date and amount of each offer made to JUAN JOSE MARTINEZ, or
22  his counsel, in an attempt to settle his claim(s) and state the method the offer was made
23  (i.e., written, oral, etc.)

24  **ANSWER TO REQUEST NO. 1**:

25         Defendant objects to Interrogatory No. 1 on the grounds that it is compound,
26  overly broad and unduly burdensome in that it is unlimited in time and scope, seeks
27  information that is already in Plaintiff's possession, and is neither relevant nor likely
28  to lead to the discovery of admissible evidence. Subject to and without waiving the

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

2

1156 963 4831-5168-5546.1

1  foregoing objections, Defendant responds as follows:

2       James River Insurance Company made Plaintiff an initial offer. As Plaintiff
3  never responded to the initial offer, no further offers were made. Discovery is ongoing.
4  As a result, Defendant reserves the right to supplement or amend these responses at a
5  later date.

6  **REQUEST NO. 2**:

7       State the name, position, employer, last known address, social security number
8  and date of birth, of every person at JAMES RIVER INSURANCE or any third-party
9  administrator, who either reviewed, investigated, made recommendations, approved
10  or made any decision to accept, deny or make any offer on JUAN JOSE MARTIEZ'
11  claim.

12  **ANSWER TO REQUEST NO. 2**:

13       Defendant objects to Request No. 2 on the grounds that the terms "third-party
14  administrator" and "reviewed, investigated, made recommendations, approved or
15  made any decision to accept, deny or make any offer" are vague and ambiguous.
16  Defendant further objects on the grounds that this Interrogatory is compound, overly
17  broad and unduly burdensome in time and scope, seeks private and confidential
18  information, and is neither relevant nor likely to lead to the discovery of admissible
19  evidence. Subject to and without waiving the foregoing objections, Defendant
20  responds as follows:

21       Will Peltier, James River Insurance Company Claims Examiner

22       Afsoon Noshiravan, James River Insurance Company Claims Examiner

23       Nate Van Huss, James River Insurance Company Claims Examiner

24       Dr. Richard Zipnick, MES Solutions

25       Discovery is ongoing. As a result, Defendant reserves the right to supplement
26  or amend these responses at a later date.

27  **REQUEST NO. 3**:

28       State the net worth of JAMES RIVER INSURANCE for each of the last five (5)

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

3

1156 963  4831-5168-5546 1

1 fiscal years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES
2 (GAAP).

3 **ANSWER TO REQUEST NO. 3**:

4      Defendant objects to Interrogatory No. 3 on the grounds that that the terms "net
5 worth," "fiscal years," and generally accepted accounting principles" are vague and
6 ambiguous. Defendant further objects on the grounds that this request is overly broad
7 and unduly burdensome in time and scope and is neither relevant nor likely to lead to
8 the discovery of admissible evidence.  Additionally, this Interrogatory is objected to
9 on the grounds that it is confidential financial information protected from disclosure.

10 **REQUEST NO. 4**:

11      State the net income or loss of JAMES RIVER INSURANCE for each of the
12 last five (5) fiscal years according to GENERAL ACCEPTED ACCOUNTING
13 PRINCIPLES (GAAP).

14 **ANSWER TO REQUEST NO. 4**:

15      Defendant objects to Interrogatory No. 4 on the grounds that that the terms "net
16 income or loss," "fiscal years," and generally accepted accounting principles" are
17 vague and ambiguous. Defendant further objects on the grounds that this request is
18 overly broad and unduly burdensome in time and scope and is neither relevant nor
19 likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory
20 is objected to on the grounds that it is confidential financial information protected from
21 disclosure.

22 **REQUEST NO. 5**:

23      Please state the names of all persons and investigators who were contacted to
24 investigate JUAN JOSE MARTINEZ' claims.

25 **ANSWER TO REQUEST NO. 5**:

26      Defendant objects to Request No. 5 on the grounds that the terms "all persons
27 and investigators" and "contacted to investigate" are vague and ambiguous. Defendant
28 further objects to this Interrogatory on the grounds that it is overly broad and unduly

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

4

1156 963 4831-5168-5546 1

1  burdensome in time and scope and is neither relevant nor likely to lead to the discovery

2  of admissible evidence.  Defendant further objects to the extent it seeks information

3  protected by the attorney work product privilege.

4         Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant contacted MES Solutions to have an orthopedic surgeon review

6  Plaintiff's Demand.

7         Discovery is ongoing. As a result, Defendant reserves the right to supplement

8  or amend these responses at a later date.

9  **REQUEST NO. 6**:

10        State the name, residence and business address, employer and position held of

11  any person who provided any opinion, information, or facts used in preparing each

12  answer to these interrogatories.

13  **ANSWER TO REQUEST NO. 6**:

14        Defendant objects to Interrogatory No. 6 on the grounds that it is compound in

15  that it contains multiple subparts which count as separate and distinct interrogatories

16  in regard to the maximum number of interrogatories permitted by F.R.C.P. 33.

17  Defendant further objects to this Interrogatory on the grounds that it is overly broad

18  and unduly burdensome in time and scope, seeks private and confidential information,

19  and is neither relevant nor likely to lead to the discovery of admissible evidence.

20  Subject to and without waiving the foregoing objections, Defendant responds as

21  follows:

22        Tasha Horton, Litigation Claims Examiner

23        c/o Bremer, Whyte, Brown, and O'Meara, LLP

24        1160 N. Town Center Drive, Suite 250

25        Las Vegas, NV 89144

26        (702) 258-6665

27        Discovery is ongoing. As a result, Defendant reserves the right to supplement

28  or amend these responses at a later date.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

5

1156.963 4831-5168-5546.1

1  **REQUEST NO. 7**:

2       Identify all manuals, including, but not limited to, training manuals, procedural

3  manuals, and instruction manuals, used for the evaluation of claims, including any

4  software used by you for evaluating claims.

5  **ANSWER TO REQUEST NO. 7**:

6       Defendant objects to Interrogatory No. 7 on the grounds that the terms

7  "manuals," "training manuals, procedural manuals, and instruction manuals," "used

8  for the evaluation of claims" and "software used by you for evaluating claims" are

9  vague and ambiguous. Defendant further objects to this Interrogatory on the grounds

10 that it is overly broad and unduly burdensome in time and scope and is neither relevant

11 nor likely to lead to the discovery of admissible evidence.  Defendant further objects

12 on the grounds that this Interrogatory seeks trade secrets, commercially sensitive

13 information, and confidential proprietary data entitled to protection.

14 **REQUEST NO. 8**:

15      Please name each entity that was involved in handling the investigation of

16 JUAN JOSE MARTINEZ' claim which is the subject of this lawsuit.

17 **ANSWER TO REQUEST NO. 8**:

18      Defendant objects to Request No. 8 on the grounds that the terms "each entity"

19 and "involved in handling the investigation" are vague and ambiguous. Defendant

20 further objects to this Interrogatory on the grounds that it is overly broad and unduly

21 burdensome in time and scope and is neither relevant nor likely to lead to the discovery

22 of admissible evidence.  Defendant further objects to the extent it seeks information

23 protected by the attorney work product privilege.

24      Subject to and without waiving the foregoing objections, Defendant responds as

25 follows: Defendant contacted MES Solutions to have an orthopedic surgeon review

26 Plaintiff's Demand.

27      Discovery is ongoing. As a result, Defendant reserves the right to supplement

28 or amend these responses at a later date.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

6

1156.963 4831-5168-5546.1

1 **REQUEST NO. 9**:

2     If you contend that you did not violate the Unfair Claims Practices Act in the
3 handling of JUAN JOSE MARTI EZ' claim, please state all facts upon which you base
4 that allegation and identify each witness by name, employer and last known address
5 that has knowledge of those facts.

6 **ANSWER TO REQUEST NO. 9**:

7     Defendant objects to Interrogatory No. 9 on the grounds that it is compound in
8 that it contains multiple subparts which count as separate and distinct interrogatories
9 in regard to the maximum number of interrogatories permitted by F.R.C.P. 33.
10 Defendant further objects to this Interrogatory on the grounds that it is vague and
11 ambiguous, compound, overly broad, unduly burdensome, calls for speculation and
12 may require an expert opinion. Defendant further objects to this Interrogatory on the
13 grounds that Plaintiff bears the burden of proof in this litigation and this Interrogatory
14 is an improper attempt to place the burden on Defendant to prove Plaintiff's case.
15 Subject to and without waiving the foregoing objections, Defendant responds as
16 follows:

17     Defendant denies that it violated the Unfair Claims Practices Act. James River
18 Insurance Company relied on the documents submitted by Plaintiff and Plaintiff never
19 responded to or otherwise countered the initial offer that was made.

20     Discovery is ongoing.  As a result, Defendant reserves the right to supplement
21 or amend these responses at a later date.

22 **REQUEST NO. 10**:

23     If you contend that you did not violate the covenant of good faith and fair
24 dealing in the handling of JUAN JOSE MARTI EZ' claim, please state all facts upon
25 which you base that allegation and identify each witness by name, employer and last
26 known address that has knowledge of those facts.

27 **ANSWER TO REQUEST NO. 10**:

28     Defendant objects to Interrogatory No. 10 on the grounds that it is compound in

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 260
Las Vegas, NV 89144
(702) 258-6665

7

1156 963 4831-5168-5546 1

1   that it contains multiple subparts which count as separate and distinct interrogatories
2   in regard to the maximum number of interrogatories permitted by F.R.C.P. 33.
3   Defendant further objects to this Interrogatory on the grounds that it is vague and
4   ambiguous, compound, overly broad, unduly burdensome, calls for speculation and
5   may require an expert opinion. Defendant further objects to this Interrogatory on the
6   grounds that Plaintiff bears the burden of proof in this litigation and this Interrogatory
7   is an improper attempt to place the burden on Defendant to prove Plaintiff's case.
8   Subject to and without waiving the foregoing objections, Defendant responds as
9   follows:

10          Defendant denies that it violated the Covenant of Good Faith and Fair Dealing.
11   James River Insurance Company relied on the documents submitted by Plaintiff and
12   Plaintiff never responded to or otherwise countered the initial offer that was made.

13          Discovery is ongoing.  As a result, Defendant reserves the right to supplement
14   or amend these responses at a later date.

15   **REQUEST NO. 11**:

16          If you contend that you did not breach the insurance contract between you and
17   JUAN JOSE MARTI EZ in the handling of his claim, please state all facts upon which
18   you base that allegation and identify each witness by name, employer and last known
19   address that has knowledge of those facts.

20   **ANSWER TO REQUEST NO. 11**:

21          Defendant objects to Interrogatory No. 11 on the grounds that it is compound in
22   that it contains multiple subparts which count as separate and distinct interrogatories
23   in regard to the maximum number of interrogatories permitted by F.R.C.P. 33.
24   Defendant further objects to this Interrogatory on the grounds that it is vague and
25   ambiguous, compound, overly broad, unduly burdensome, calls for speculation and
26   may require an expert opinion. Defendant further objects to this Interrogatory on the
27   grounds that Plaintiff bears the burden of proof in this litigation and this Interrogatory
28   is an improper attempt to place the burden on Defendant to prove Plaintiff's case.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

8

1156.963 4831-5168-5546.1

1  Subject to and without waiving the foregoing objections, Defendant responds as
2  follows:

3      Defendant denies that it breached the insurance contract. James River Insurance
4  Company relied on the documents submitted by Plaintiff and Plaintiff never responded
5  to or otherwise countered the initial offer that was made.

6      Discovery is ongoing.  As a result, Defendant reserves the right to supplement
7  or amend these responses at a later date.

8  **REQUEST NO. 12**:

9      Please list all insurance policies in effect at the time of the subject incident
10  alleged in JUAN JOSE MARTINEZ' pleadings, which cover the alleged incident, and
11  for each please state:

12      a.   The name of the company issuing each stated policy;
13      b.   The policy number for each stated policy:
14      c.   The policy limits for each stated policy:
15      d.   The type of insurance policy;
16      e.   The total limits of all polices aggregated:
17      f.   the amount of your aggregate policy limits available to pay a judgment
18           obtained in this lawsuit
19      g.   the amount of your aggregate policy limits available pay a judgement
20           obtained in this lawsuit.

21  **ANSWER TO REQUEST NO. 12**:

22      Defendant objects to Interrogatory No. 12 on the grounds that it is compound in
23  that it contains multiple subparts which count as separate and distinct interrogatories
24  in regard to the maximum number of interrogatories permitted by F.R.C.P. 33.
25  Defendant further objects to this Interrogatory on the grounds that the terms "in effect
26  at the time of the subject incident," "which cover the alleged incident," "The type of
27  insurance policy," "The total limits of all polices aggregated," "the amount of your
28  aggregate policy limits available to pay a judgment obtained in this lawsuit," are vague

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

9

1156.963 4831-5168-5546.1

1  and ambiguous and incomprehensible and places the burden on Defendant to
2  determine what information Plaintiff is seeking. Defendant further objects to this
3  Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks
4  information outside the scope of Defendant's knowledge, and is neither relevant nor
5  likely to lead to the discovery of admissible evidence. Subject to and without waiving
6  the foregoing objections, Defendant responds as follows:

7  Policy Number CA436100NV-03 was effective between March 1, 2018 to
8  March 1, 2019 and included uninsured/underinsured motorist coverage in the
9  aggregate amount of $1,000,000.00. This $1,000,000.00 is a single policy limit.

10  **REQUEST NO. 13**:

11  Identify all persons or investigators contacted or contracted to provide any sub
12  rosa surveillance video of the Plaintiff.

13  **ANSWER TO REQUEST NO. 13**:

14  Defendant objects to Interrogatory No. 13 on the grounds that the terms "all
15  persons or investigators," "contacted or contracted," and "sub rosa surveillance video"
16  are vague and ambiguous. This Interrogatory is further objected to on the grounds that
17  it is overly broad and unduly burdensome in time and scope and seeks attorney work-
18  product. Moreover, this Request is objected to on the grounds that it seeks materials
19  prepared in anticipation of litigation.

20  Dated: November 18, 2019       BREMER WHYTE BROWN & O'MEARA
21                                 LLP

23  By: _____
24  Lucian J. Greco, Jr., Esq.
   Nevada State Bar No. 10600
25  Jared G. Christensen, Esq.
   Nevada State Bar No. 11538
26  Deleela M. Weinerman, Esq.
   Nevada State Bar No. 13985
27  *Attorneys for Defendant*
   *James River Insurance Company*

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

10

1156.963 4831-5168-5546.1

1 **DECLARATION**

2      I have read the foregoing and know its contents.

3      I am a representative of James River Insurance Company. The matters stated in
4 the foregoing document are true of my own knowledge except as to those matters
5 which are stated on information and belief, and as to those matters I am informed and
6 believe that they are true.

7      I declare under penalty of perjury under the laws of the State of Nevada that the
8 foregoing is true and correct.

9      Executed on this/ _8th_ day of _November_, _2019_ .

10

11

12                            James River Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 260
Las Vegas, NV 89144
(702) 258-6665

1156.963  4831-5168-5546.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November 2019, a true and correct copy of the foregoing document was served via U.S. Mail upon all parties listed below:

Ryan Alexander, Esq.
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, Nevada 89102
Attorney for Plaintiff

_____
Alexis Robinson, an employee of
BREMER WHYTE BROWN &
O'MEARA, LLP

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-9685

12

1156.963  4831-5168-5546.1

# EXHIBIT 2

1  LUCIAN J. GRECO, JR., ESQ.
   Nevada State Bar No. 10600
2  JARED G. CHRISTENSEN, ESQ.
   Nevada State Bar No. 11538
3  DELEELA M. WEINERMAN, ESQ.
   Nevada State Bar No. 13985
4  BREMER WHYTE BROWN & O'MEARA LLP
   1160 N. TOWN CENTER DRIVE
5  SUITE 250
   LAS VEGAS, NV 89144
6  TELEPHONE: (702) 258-6665
   FACSIMILE: (702) 258-6662
7  lgreco@bremerwhyte.com
   jchristensen@bremerwhyte.com
8  dweinerman@bremerwhyte.com

9  Attorneys for Defendant,
   James River Insurance Company
10

11           **UNITED STATES DISTRICT COURT**

12                **DISTRICT OF NEVADA**

13

14  JUAN JOSE MARTINEZ, an individual,  )   Case No. 2:19-cv-01646-RFB-NJK
                                        )
15            Plaintiff,                )   **DEFENDANT JAMES RIVER**
                                        )   **INSURANCE COMPANY'S**
16       vs.                           )   **RESPONSES TO PLAINTIFF'S**
                                        )   **FIRST REQUESTS FOR**
17  JAMES RIVER INSURANCE              )   **PRODUCTION OF DOCUMENTS**
    COMPANY, a Virginia Insurance      )
18  Company, and DOES I-X, unknown     )
    persons,                           )
19                                      )
              Defendants.              )
20  _____)

21  **TO:   JUAN JOSE MARTINEZ., Plaintiff; and**

22  **TO:   RYAN ALEXANDER, Esq., Plaintiff's counsel of record:**

23         Defendant JAMES RIVER INSURANCE COMPANY ("Defendant"), by and

24  through its counsel of record, Lucian J. Greco, Esq., Jared G. Christensen, Esq. and

25  Deleela M. Weinerman, Esq. of Bremer, Whyte, Brown & O'Meara, LLP, hereby

26  responds to Plaintiff's First Requests for Production of Documents as follows:

27  ///

28  ///

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

1156.963  4826-9870-0714.1

1

**PRELIMINARY STATEMENT**

2    These responses are made solely for the purpose of, and in relation to, this
3 action. Each response is given subject to appropriate objections (including, but not
4 limited to, objections concerning competency, relevancy, materiality, propriety and
5 admissibility) which would require the exclusion of any statement contained herein if
6 the requests were asked of, or any statement contained herein were made by, a witness
7 present and testifying in a court. All such objections and grounds therefore are
8 reserved and may be interposed at the time of trial.

9    This Responding Party has not completed its investigation of the facts relating
10 to this action, has not yet completed preparation for trial. The following responses are
11 therefore given without prejudice to this party's rights to allege and/or produce
12 evidence of any subsequently discovered facts and circumstances.

13    Except for facts explicitly admitted herein, no admission of any nature is to be
14 implied or inferred. The fact that any request herein has been answered should not be
15 taken as an admission, or confession, of the existence of any facts set forth or assumed
16 by such request, or that such response constitutes evidence of any fact thus set forth or
17 assumed. All responses must be construed as having been given on the basis of this
18 Responding Party's best recollection.

19    These introductory comments shall apply to each and every response given
20 herein, and shall be incorporated by reference as though fully set forth in all of the
21 responses appearing in the following pages:

22    **REQUESTS FOR PRODUCTION OF DOCUMENTS**
23 **REQUEST NO. 1**:

24    CLAIM FILES: Please produce all documents. writings, and communications
25 that were produced as a result of, or are related to, JUAN JOSE MARTINEZ' claim
26 and the claim for coverage. These documents should include, but not be limited to, the
27 entire claim file, investigation file, printouts from all computer communications and
28 ///

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 260
Las Vegas, NV 89144
(702) 258-6665

2

1156.963 4826-9870-0714.1

1 electronic databases and logs, all electronically imaged documents and all reports and
2 investigations.

3 **RESPONSE TO REQUEST NO. 1**:

4      Defendant objects to Request No. 1 on the grounds that it is vague and
5 ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and seeks
6 documents that are already in Plaintiff's possession. Defendant further objects to the
7 Requests because it seeks trade secrets, commercially sensitive information, or
8 confidential proprietary data entitled to protection.

9 **REQUEST NO. 2**:

10      Produce all documents and recordings, including but not limited to recorded
11 messages, recorded statements, transcripts of recorded statements, letters, and emails
12 between Plaintiff JUAN JOSE MARTINEZ and any agents of your insurance
13 company regarding the crash of August 11, 2018 at issue in the Complaint.

14 **RESPONSE TO REQUEST NO. 2**:

15      Defendant objects to Request No. 2 on the grounds that it is vague and
16 ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and seeks
17 documents that are already in Plaintiff's possession.

18 **REQUEST NO. 3**:

19      CLAIM MANUALS: Please produce all documents, writings. and
20 communications that are used by claims personnel for reference, training, and
21 guidelines for the adjusting of JUAN JOSE MARTINEZ' claim(s). These items should
22 include, but not be limited to, all claims manuals, all information and guidelines for
23 the adjudication of claims and all other resources used by JUAN JOSE MARTINEZ'
24 insurance personnel for the adjudication of claims.

25 **RESPONSE TO REQUEST NO. 3**:

26      Defendant objects to Request No. 3 on the grounds that it is vague and
27 ambiguous, overbroad, unduly burdensome, unlimited in time and scope, and is neither
28 relevant nor likely to lead to the discovery of admissible evidence. Defendant further

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

3

1156.963 4826-9870-0714.1

1  objects to the Requests because it seeks trade secrets, commercially sensitive

2  information, or confidential proprietary data entitled to protection.

3  **REQUEST NO. 4**:

4  THIRD-PARTY ADMINISTRATION CONTRACTS: Please produce all

5  documents, writings, and communications, and amendments thereto, for the

6  contracting of third-party administration and outsourcing of any operations related to

7  new business processing, policy issue, policyholder services, claims processing,

8  billing, collection, and payment receipt.

9  **RESPONSE TO REQUEST NO. 4**:

10  Defendant objects to Request No. 4 on the grounds that it is vague and

11  ambiguous, incomprehensible and places the burden on Defendant to determine what

12  documents Plaintiff is seeking. This Request is further objected to on the grounds that

13  it is compound and is neither relevant nor likely to lead to the discovery of admissible

14  evidence.

15  **REQUEST NO. 5**:

16  FINANCIAL STATEMETS: Please produce all documents, writings,

17  communications, financial statements, both audited and unaudited, and amendments

18  thereto, which show your net worth for the last five (5) years according to GENERAL

19  ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

20  **RESPONSE TO REQUEST NO. 5**:

21  Defendant objects to Request No. 5 on the grounds that it is vague and

22  ambiguous, compound, overbroad in time and scope, and is neither relevant nor likely

23  to lead to the discovery of admissible evidence. This Request is also objected to on the

24  grounds that it seeks trade secrets, commercially sensitive information, or confidential

25  proprietary data entitled to protection.

26  **REQUEST NO. 6**:

27  FINANCIAL STATEMETS: Please produce all documents, writings,

28  communications, financial statements, both audited and unaudited, and amendments

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

4

1156.963  4826-9870-0714.1

1  thereto, which state your net income or loss for the last five (5) years according to

2  GENERAL ACCEPTED ACCOUNTING PRRINCIPLES (GAAP).

3  **RESPONSE TO REQUEST NO. 6**:

4      Defendant objects to Request No. 6 on the grounds that it is vague and

5  ambiguous, compound, overbroad in time and scope, and is neither relevant nor likely

6  to lead to the discovery of admissible evidence. This Request is also objected to on the

7  grounds that it seeks trade secrets, commercially sensitive information, or confidential

8  proprietary data entitled to protection.

9  **REQUEST NO. 7**:

10      POLICIES: Please produce all insurance policies and declaration pages for

11  JUAN JOSE MARTINEZ that were in effect at the time of the subject incident.

12  **RESPONSE TO REQUEST NO. 7**:

13      Please see Defendant's First Supplemental Disclosures.

14  **REQUEST NO. 8**:

15      NEW BUSINESS FILES: Please produce all files of the new business

16  department containing information applications made by JUAN JOSE MARTINEZ,

17  or any policies issued to JUAN JOSE MARTINEZ.

18  **RESPONSE TO REQUEST NO. 8**:

19      Defendant objects to Request No. 8 on the grounds that it is vague and

20  ambiguous, incomprehensible and places the burden on Defendant to determine what

21  documents Plaintiff is seeking. This Request is further objected to on the grounds that

22  it is compound and is neither relevant nor likely to lead to the discovery of admissible

23  evidence.

24  **REQUEST NO. 9**:

25      Produce any *sub rosa* surveillance video of the Plaintiff.

26  **RESPONSE TO REQUEST NO. 9**:

27      Defendant objects to Request No. 9 on the grounds that it is overly broad and

28  unduly burdensome in time and scope and seeks attorney work-product. Moreover,

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6565

5

1156.963 4826-9870-0714 1

1  this Request is objected to on the grounds that it seeks materials prepared in

2  anticipation of litigation.

3  **REQUEST NO. 10**:

4       Produce all documents received pursuant to subpoena if not previously served.

5  **RESPONSE TO REQUEST NO. 10**:

6       Please see Defendant's Initial Disclosures and any supplements thereto.

7  **REQUEST NO. 11**:

8       Produce all documents received pursuant to the use of Plaintiffs HIPAA

9  authorization provided, if not previously served.

10  **RESPONSE TO REQUEST NO. 11**:

11       Please see Defendant's Initial Disclosures and any supplements thereto.

12  **REQUEST NO. 12**:

13       Produce all documents that you intend to use at trial.

14  **RESPONSE TO REQUEST NO. 12**:

15       Defendant objects to Request 12 on the grounds that it is premature pursuant to

16  Fed. R. Civ. P. 26.

17  Dated:  November 18, 2019          BREMER WHYTE BROWN & O'MEARA
18                                     LLP

19

20                                     By: _____
21                                          Lucian J. Greco, Jr., Esq.
                                            Nevada State Bar No. 10600
22                                          Jared G. Christensen, Esq.
                                            Nevada State Bar No. 11538
23                                          Deleela M. Weinerman, Esq.
                                            Nevada State Bar No. 13985
24                                          *Attorneys for Defendant*
                                            *James River Insurance Company*

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-8666

6

1156.963 4826-9870-0714 1

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this 18th day of November 2019, a true and correct copy

3  of the foregoing document was served via U.S. Mail upon all parties listed below:

4

5      Ryan Alexander, Esq.
       RYAN ALEXANDER, CHTD.
6      3017 West Charleston Blvd., Ste. 58
7      Las Vegas, Nevada 89102
       Attorney for Plaintiff
8

9

10                                    _____
                                      Alexis Robinson, an employee of
11                                    BREMER WHYTE BROWN &
                                      O'MEARA, LLP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-9605

7

1156.963 4826-9870-0714.1

# EXHIBIT 3

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 11/21/19, 2:15 PM
**To:** "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>
**BCC:** Jennifer Lee <jennifer@ryanalexander.us>

Hi Deleela,

We need to meet and confer since your disclosures and responses have not provided the internal claim file, internal communications and the rest of the material and information I requested. Do you have a time tomorrow we can talk?

Ryan



# EXHIBIT 4

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 12/6/19, 5:29 PM
**To:** "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>, Jennifer Lee
<jennifer@ryanalexander.us>


Hi Deleela,

We need to meet and confer since your disclosures and responses have not provided the
internal claim file, internal communications and the rest of the material and information I
requested with RFPs. Do you have a time Monday we can talk?

Ryan

On 11/21/19 2:15 PM, Ryan Alexander wrote:

> Hi Deleela,
>
> We need to meet and confer since your disclosures and responses have not provided the
> internal claim file, internal communications and the rest of the material and information I
> requested. Do you have a time tomorrow we can talk?
>
> Ryan



# EXHIBIT 5

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 12/10/19, 10:58 AM
**To:** "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>, Jennifer Lee
<jennifer@ryanalexander.us>


I'll be around. What time works for you?

Ryan

On 12/9/19 2:47 PM, Deleela M. Ivey Weinerman wrote:

> Hi Ryan,
>
> Are you available tomorrow afternoon?
>
> Get Outlook for iOS
>
> **Deleela M. Ivey Weinerman**
> Bremer Whyte Brown & O'Meara, LLP | Las Vegas, NV
> t: 702.258.6665
> f: 702.258.6662
>
> ---
> **From:** Ryan Alexander <ryan@ryanalexander.us>
> **Sent:** Friday, December 6, 2019 5:29:17 PM
> **To:** Deleela M. Ivey Weinerman <dweinerman@bremerwhyte.com>
> **Cc:** Jared G. Christensen <jchristensen@bremerwhyte.com>; Jennifer Lee
> <jennifer@ryanalexander.us>
> **Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
>
> *** This is an external email ***
>
> Hi Deleela,
>
> We need to meet and confer since your disclosures and responses have not provided the
> internal claim file, internal communications and the rest of the material and information I
> requested with RFPs. Do you have a time Monday we can talk?
>
> Ryan
>
> On 11/21/19 2:15 PM, Ryan Alexander wrote:
>
>> Hi Deleela,
>>
>> We need to meet and confer since your disclosures and responses have not provided
>> the internal claim file, internal communications and the rest of the material and
>> information I requested. Do you have a time tomorrow we can talk?

# EXHIBIT 6

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 12/12/19, 6:37 PM
**To:** "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>, "Jared G. Christensen" <jchristensen@bremerwhyte.com>
**CC:** Jennifer Lee <jennifer@ryanalexander.us>

Hi Jared,

I've called but couldn't catch you. Are either of you around tomorrow to discuss this?

Ryan

On 12/9/19 2:47 PM, Deleela M. Ivey Weinerman wrote:

> Hi Ryan,
>
> Are you available tomorrow afternoon?
>
> Get Outlook for iOS
>
> **Deleela M. Ivey Weinerman**
> Bremer Whyte Brown & O'Meara, LLP | Las Vegas, NV
> t: 702.258.6665
> f: 702.258.6662
>
> _____
>
> **From:** Ryan Alexander <ryan@ryanalexander.us>
> **Sent:** Friday, December 6, 2019 5:29:17 PM
> **To:** Deleela M. Ivey Weinerman <dweinerman@bremerwhyte.com>
> **Cc:** Jared G. Christensen <jchristensen@bremerwhyte.com>; Jennifer Lee <jennifer@ryanalexander.us>
> **Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
>
> *** This is an external email ***
> _____
>
> Hi Deleela,
>
> We need to meet and confer since your disclosures and responses have not provided the internal claim file, internal communications and the rest of the material and information I requested with RFPs. Do you have a time Monday we can talk?
>
> Ryan
>
> On 11/21/19 2:15 PM, Ryan Alexander wrote:
>
>> Hi Deleela,
>>
>> We need to meet and confer since your disclosures and responses have not provided the internal claim file, internal communications and the rest of the material and

# EXHIBIT 7

**Subject:** RE: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>
**Date:** 12/15/19, 5:39 PM
**To:** Ryan Alexander <ryan@ryanalexander.us>, "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** Jennifer Lee <jennifer@ryanalexander.us>

I will give you a call on Monday when I am back in the office.

Respectfully,


**Jared G. Christensen**
Bremer Whyte Brown & O'Meara, LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
e: jchristensen@bremerwhyte.com
t: 702.258.6665
f: 702.258.6662
www.bremerwhyte.com



**From:** Ryan Alexander <ryan@ryanalexander.us>
**Sent:** Thursday, December 12, 2019 6:37 PM
**To:** Deleela M. Ivey Weinerman <dweinerman@bremerwhyte.com>; Jared G. Christensen <jchristensen@bremerwhyte.com>
**Cc:** Jennifer Lee <jennifer@ryanalexander.us>
**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)

**\*\*\* This is an external email \*\*\***

Hi Jared,

I've called but couldn't catch you. Are either of you around tomorrow to discuss this?

Ryan

On 12/9/19 2:47 PM, Deleela M. Ivey Weinerman wrote:

> Hi Ryan,
>
> Are you available tomorrow afternoon?

# EXHIBIT 8

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 2/19/20, 11:51 AM
**To:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>, "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** Jennifer Lee <jennifer@ryanalexander.us>

Hi Jared,

Since your defense to the amended motion to compel was an insufficient meet and confer telephonic conference, please advise of a time in the next 5 days that you can take my call to go over each issue from the motion for another meet and confer.

Ryan



# EXHIBIT 9

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 2/21/20, 11:42 AM
**To:** "Jared G. Christensen" <jchristensen@bremerwhyte.com>, "Deleela M. Ivey Weinerman"
<dweinerman@bremerwhyte.com>
**CC:** Jennifer Lee <jennifer@ryanalexander.us>

Jared,

Please provide some times to meet and confer.

Ryan

On 2/19/20 11:51 AM, Ryan Alexander wrote:

> Hi Jared,
>
> Since your defense to the amended motion to compel was an insufficient meet and confer
> telephonic conference, please advise of a time in the next 5 days that you can take my call
> to go over each issue from the motion for another meet and confer.
>
> Ryan

--
_____
Ryan Alexander, Chtd.
3017 West Charleston Boulevard, Suite 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133

# EXHIBIT 10

**Subject:** Re: Juan Martinez v. JRIC (BWBO File No. 1156.963)
**From:** Ryan Alexander <ryan@ryanalexander.us>
**Date:** 2/24/20, 3:54 PM
**To:** "Deleela M. Ivey Weinerman" <dweinerman@bremerwhyte.com>
**CC:** Jennifer Lee <jennifer@ryanalexander.us>, "Jared G. Christensen"
<jchristensen@bremerwhyte.com>, Alexis Robinson <arobinson@bremerwhyte.com>


Thank you Deleela,

I will call your office at 3pm on Thursday, February 27, 2020 to discuss the discovery
requests identified in the Amended Motion to Compel.

Ryan

On 2/24/20 3:46 PM, Deleela M. Ivey Weinerman wrote:

> **Deleela M. Ivey Weinerman**
> Bremer Whyte Brown & O'Meara, LLP | Las Vegas, NV
> t: 702.258.6665
> f: 702.258.6662

--
_____
Ryan Alexander, Chtd.
3017 West Charleston Boulevard, Suite 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133

**CERTIFICATE OF SERVICE**

On this 27th day of February 2020, I served the following document, **AMENDED**

**MOTION TO COMPEL DISCOVERY RESPONSES**. I served the above-named document by

CM/ECF to:

> Lucian J. Greco, Jr., Esq.
> Jared G. Christensen, Esq.
> Deleela Weinerman, Esq.
> BREMER WHYTE BROWN & O'MEARA LLP
> 1160 N. Town Center Drive, Suite 250
> Las Vegas, NV 89144
> lgreco@bremerwhyte.com
> jchristensen@bremerwhyte.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated February 27, 2020.

_____
RYAN ALEXANDER