UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN JOSE MARTINEZ,<br>  Plaintiff(s),<br>v.<br>JAMES RIVER INSURANCE COMPANY,<br>  Defendant(s). | Case No.: 2:19-cv-01646-RFB-NJK<br>**Order**<br>[Docket No. 21] |

Pending before the Court is Plaintiff's amended motion to compel discovery responses. Docket No. 21. Defendant filed a response in opposition. Docket No. 22. Plaintiff filed a reply. Docket No. 23. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

This action arises out of an insurance dispute. On August 11, 2018, Plaintiff was driving for Uber when he was involved in a car accident. *See* Compl. at ¶¶ 8-9. Plaintiff alleges that he sustained injuries as a result of that crash. *Id.* at ¶ 10. The insurance company for the other driver tendered her policy limits of $25,000. *Id.* at ¶ 12. Plaintiff then submitted a claim to Defendant James River under the uninsured/underinsured provision in his insurance provided through Uber. *Id.* at ¶ 13. This action followed, through which Plaintiff brings claims against Defendant for, *inter alia*, breach of contract and bad faith.

1

The parties are currently before the Court on a discovery dispute arising out of Defendant's objections to interrogatories and requests for production propounded by Plaintiff.

**II.    STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, ___ F.R.D. ____, 2019 WL 7489108, at *1-2 (D. Nev. Dec. 20, 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.    ANALYSIS**

The instant discovery dispute includes several overarching issues, as well as objections to specific discovery requests. The Court will address the overarching arguments first and will then address the specific discovery in dispute.

    A.    <u>OVERARCHING ARGUMENTS</u>

Defendant presents two overarching arguments, neither of which is persuasive.

First, Defendant argues that it should not be required to provide discovery relevant to Plaintiff's claims because Defendant disputes the basis of those claims. *See* Resp. at 6-7. The scope of permissible discovery is that which is relevant to "any party's claim" in the case. Fed. R. Civ. P. 26(b)(1). Even when a defendant has filed a dispositive motion challenging the sufficiency of a claim, it must proceed with discovery unless it succeeds in bringing a motion to stay discovery that makes a "strong showing" that the claim will not survive and that discovery is otherwise unnecessary. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). In this case,

Defendant did not file a dispositive motion challenging the sufficiency of Plaintiff's claims; it answered the complaint. Docket No. 6. Defendant has never sought or been granted a stay of discovery. Obviously, discovery pertinent to indisputably live claims are within the scope of permissible discovery. *E.g.*, *Olin Corp. v. Continental Cas. Co.*, 2011 WL 3847140, at *2 (D. Nev. Aug. 30, 2011) ("The fact that the parties dispute the validity of [an insured's] claim and the satisfaction of contractual prerequisites thereto, does not absolve [the insurer] of the obligation to participate in discovery").[1] Moreover, Defendant's objection that discovery is not proportional to the needs of the case to engage in any discovery on those claims is not persuasive. *See* Resp. at 6. This assertion is supported by only conclusory argument of burden unsupported by any factual showing. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016). At any rate, the fact that discovery may involve some inconvenience or expenses is not sufficient, standing alone, to avoid the discovery process. *Cf. Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

Second, Defendant argues that the requests are improper because they seek confidential business information. *See* Resp. at 7-9. Such concerns are generally addressed through the filing of a stipulated protective order governing the handling of confidential material rather than through the filing of a request to prohibit the discovery. *See, e.g.*, *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2018 WL 834589, at *2 n.2 (D. Nev. Feb. 12, 2018) (collecting cases). After the instant motion was filed, the parties filed a stipulated protective order. Docket No. 24.[2] The Court has been provided no reason why restrictions on the use and handling of confidential materials

---

[1] Defendant raises an ancillary argument that discovery is "premature" given the circumstances of the underlying insurance claims handling process and status. *See* Resp. at 6-7. Defendant presents no legal authority supporting that position and case law appears to be to the contrary. *Cf. Olin*, 2011 WL 3847140, at *2 (noting the proper vehicle for making a ripeness argument is a motion to dismiss challenging subject matter jurisdiction, not a discovery motion; "The fact that [the insurer has] not yet made a coverage decision does not preclude [the insured] from seeking and obtaining discovery"). The Court is unpersuaded that discovery should be precluded as premature in light of the underlying insurance claims handling process and status.

[2] The Court denied that stipulated protective order without prejudice given some of the details included therein. Docket No. 25. The parties have not yet refiled a stipulated protective order taking the Court's concerns into account. An amended stipulated protective order must be filed by May 7, 2020.

established in a stipulated protective order do not suffice to assuage Defendant's concerns in this case.

Accordingly, neither overarching argument presented by Defendant has merit.

### B. INTERROGATORY RESPONSES IN DISPUTE

Having resolved Defendant's overarching arguments, the Court turns to the specific discovery in dispute.[3]

#### 1. Interrogatory 1

This interrogatory seeks the date and amount of each offer made to Plaintiff to settle his claims. *See* Mot. at 2. Defendant's discovery response provided effectively only that Defendant had "made Plaintiff an initial offer," without providing the date and amount of that offer. *See id.* at 3. Defendant's response to the instant motion provides that "defense *counsel* is unaware of any other offer than the April 8, 2019 written offer." Resp. at 9 (emphasis added).[4] On the other hand, Plaintiff provides no meaningful argument in the briefing at all on the issue.

This aspect of the motion to compel will be granted in part. Defendant itself must undertake a reasonable inquiry into the information sought. *See F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010). Thereafter, a supplemental interrogatory response must be served providing the date and amount of the offer(s) made, even if that information is limited to the written offer of April 8, 2019. The interrogatory response must be signed pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.

---

[3] Defendant included some boilerplate objections in responding to the discovery in dispute, which are not supported with meaningfully developed argument in the briefing on the instant motion. Boilerplate objections are not sufficient to avoid discovery. *AMG Services*, 291 F.R.D. at 553. Moreover, the Court does not address arguments that are not meaningfully developed. *Kor Media Group*, 294 F.R.D. at 582 n.3. Accordingly, any such objections fail and will not be addressed herein.

[4] That such information may be equally available to Plaintiff is not a valid basis to refuse to answer an interrogatory. *V5 Techs. v. Switch, Ltd.*, ___ F.R.D. ___, 2019 WL 7489859, at *6 n.12 (D. Nev. Dec. 20, 2019) (citing *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009)).
4

## 2. Interrogatory 3

This interrogatory seeks a statement regarding Defendant's net worth over a five-year period. *See* Mot. at 3. Defendant responds that, although such information is relevant to Plaintiff's request for punitive damages, this discovery is premature because Plaintiff has not come forward with a sufficient factual basis showing an entitlement to punitive damages. *See* Resp. at 10 (citing *Hetter v. Eighth Judicial Dist. Ct.*, 874 P.2d 762, 766 (Nev. 1994)).

"A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101, at *3 (D. Nev. Jan. 21, 2011) (quoting *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D. Ind. 2009)). "The Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009). "The majority approach is that a plaintiff is not required to make a *prima facie* showing of merit on its punitive damages claim before permitting discovery of a defendant's net worth." *Searcy v. Esurance Ins. Co.*, 2015 WL 9216573, at *1 (D. Nev. Dec. 16. 2015) (citing *Momot v. Mastro*, 2011 WL 1833349, at *3 (D. Nev. May 13, 2011)). This Court has adopted the majority approach elsewhere, *e.g.*, *Searcy*, 2015 WL 9216573, at *1, and has not been persuaded to change course here.[5]

Accordingly, this aspect of the motion to compel will be granted.

## 3. Interrogatory 4

This interrogatory seeks a statement of Defendant's net income or loss over a five-year period. *See* Mot. at 3. Defendant's argument in the responsive brief is the same as presented with respect to Interrogatory 3; namely, that an insufficient showing is made as to an entitlement to punitive damages. *See* Resp. at 10. For the reasons stated above, the Court is not persuaded by Defendant's argument.

Accordingly, this aspect of the motion to compel will be granted.

---

[5] The Court notes that Defendant could have engaged in motion practice challenging the sufficiency of the complaint with respect to the request for punitive damages, but it did not do so.

####     4.     Interrogatory 7

This interrogatory seeks the identification of manuals used for the evaluation of claims. *See* Mot. at 3.  Without citing any supporting legal authority or providing meaningful discussion, Defendant argues that such materials are irrelevant.  *See* Resp. at 11.  The case law is well settled that claims manuals are generally relevant and discoverable both for bad faith and breach of contract insurance claims.  *See Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 521 (D. Nev. 2013); *see also Int'l Game Tech. v. Ill. Nat'l Ins. Co.*, 2017 WL 5505039, at *4 (D. Nev. Nov. 16, 2017) (collecting cases).  The Court has been presented no good reason to depart from this settled course.

Accordingly, this aspect of the motion to compel will be granted.

####     5.     Interrogatory 13

This interrogatory seeks the identification of any persons hired by Defendant to surveil Plaintiff. *See* Mot. at 4.  Defendant argues that it need not provide this information because it intends to use such surveillance to impeach Plaintiff at trial. *See* Resp. at 11-12.  Defendant does not cite a single case in support of its position that the manner in which it intends to use evidence may provide grounds to preclude an otherwise valid discovery request.  Although it does not cite a specific provision, Defendant instead relies on the "exception of FRCP 26" applicable to impeachment evidence. *See id.* at 12.[6]

Defendant's position lacks merit.  Rule 26(a)(1) of the Federal Rules of Civil Procedure governs mandatory initial disclosure of evidence that will be relied upon to support a litigant's claims or defenses without the need for a formal discovery request, unless that evidence will be

---

[6] This objection was not lodged in responding to the interrogatory itself. *See* Mot. at 4.  As such, Defendant's objection on this front was presumably waived. *Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Because Plaintiff himself does not argue waiver, however, the Court will address Defendant's objection even though it was raised for the first time in briefing the motion to compel.

Defendant's response to the interrogatory relied on boilerplate objections of vagueness, overbreadth, undue burden, protection of attorney-work product, and protection of materials prepared in anticipation of litigation. *See* Mot. at 4.  Defendant abandoned its actual objections by not providing any argument on them in relation to the instant motion.  As such, the Court does not address herein these objections.

used solely for impeachment purposes. Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(a)(3) of the Federal Rules of Civil Procedure governs required pretrial disclosures that also exempts information that will be used at trial solely for impeachment purposes. Fed. R. Civ. P. 26(a)(3)(A). The fundamental flaw in Defendant's argument is that Plaintiff's discovery requests are not governed by Rule 26(a). Plaintiff's affirmative discovery requests are governed by Rule 26(b) of the Federal Rules of Civil Procedure and that rule does not include any impeachment exception. *See* Fed. R. Civ. P. 26(b)(1). Given this structuring of the rules, that a party may not be required to automatically provide impeachment evidence as a mandatory disclosure is inapposite to whether that party must provide non-privileged information responsive to a specific discovery request. *E.g.*, *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 n.1 (6th Cir. 2001) (finding reliance on exception for impeachment material in attempt to justify a failure to respond to affirmative discovery request to be "disingenuous at best"); *see also Standley v. Edmonds-Leach*, 783 F.3d 1276, 1282 n.1 (D.C. Cir. 2015); *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 436-37 (D. Md. 2006); *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 44-45 (W.D. Va. 2000).

Taking into account the proper reach of each provision in Rule 26, it is clear that "[n]o categorical 'impeachment' limitation applies to materials sought through specific interrogatories and requests for production of documents." *Salazar v. Monaco Enterps., Inc.*, 2015 WL 8773279, at *2 (E.D. Wash. Dec. 14, 2015). "A party may not unilaterally narrow the scope of relevant discovery based upon its subjective intent to use the item for impeachment purposes." *Id*. "Even if evidence is only relevant for impeachment purposes, it must be disclosed or produced in response to a specific discovery request for it." *G.K. Las Vegas Ltd. Partnership v. Simon Prop. Grp., Inc.*, 2008 WL 11388585, at *3 (D. Nev. June 18, 2008); *see also Salazar*, 2015 WL 8773279, at *2; *Kelley v. Smith's Food & Drug Ctrs., Inc.*, 2014 WL 6474026, at *3 (D. Nev. Nov. 19, 2014); *Derouin v. Kenneth L. Kellar Truck Line, Inc.*, 2010 WL 11684278, at *2 (W.D. Wash. Nov. 8, 2010); *Brahama v. Lembo*, 2010 WL 11587053, at *1 (N.D. Cal. Feb. 26, 2010); *Marsh v. County of San Diego*, 2008 WL 11411442, at *4-5 (S.D. Cal. Sept. 4, 2008), *recon. granted in part and denied in part*, 2008 WL 11411591, at *2 (S.D. Cal. Sept. 23, 2008) (denying request for reconsideration on this issue).

Accordingly, this aspect of the motion to compel will be granted.

B.     REQUESTS FOR PRODUCTION RESPONSES IN DISPUTE

The parties next dispute several of Defendant's responses to requests for production, which the Court discusses below.

1.     Request for Production 1

This request for production seeks documents and communications related to Plaintiff's insurance claim, such as the claims file. *See* Mot. at 4. The case law in this District has long made clear that an insurance claims file is generally relevant and discoverable. *See, e.g.*, *Wood v. GEICO Cas. Co.*, 2016 WL 6069928, at *1 (D. Nev. Oct. 14, 2016).

Defendant's primary argument in opposing the instant motion is that such documents will include communications or information covered by the attorney-client privilege and/or attorney work-product protection. *See* Resp. at 13. As a threshold matter, Plaintiff's motion notes that such objection was not made in response to the discovery request and no privilege log was produced. *See* Mot. at 15-16. Plaintiff argues as a result that any such objection was waived. *See id.* Confusingly, however, Plaintiff asserts in that same paragraph of the motion that "[t]he defendants [sic] must disclose the full extent of its claims file *other than matters that are strictly attorney-client privileged.*" *Id.* at 15 (emphasis added). The Court is unable to understand Plaintiff's position given these irreconcilable assertions that Defendant waived any privilege objection but that it may withhold privileged matters. Making matters worse, Defendant's responsive brief does not address waiver at all and instead simply asserts that disclosure is not appropriate in light of attorney-client privilege and/or attorney work-product protection. *See* Resp. at 12-13. Defendant does not actually make any effort to show that the elements of the attorney-client privilege or the attorney work-product protection are satisfied in this case, *see id.*, even though it clearly bears the burden of establishing those elements, *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 627 (D. Nev. 2013) (citing *in re Grand Jury Investigation*, 974 F.2d 1068-1070-71 (9th Cir. 1992)).

The Court is cognizant that resolution of a discovery dispute regarding production of the claims file can be a significant step in the advancement of an insurance case. At the same time, the Court declines to resolve an issue as important as attorney-client privilege and attorney work-

8

product protection, and any waiver thereof, when neither party has provided a coherent or meaningful discussion of the governing analysis. The Court also declines to expend scarce judicial resources holding a hearing when counsel did not invest the resources to brief the issues properly.

Accordingly, this aspect of the motion to compel will be denied without prejudice.

#### 2. Request for Production 2

This request seeks documents and records of communications between Plaintiff and Defendant's agents. *See* Mot. at 4. Plaintiff seeks an order compelling the production of communications "regarding" Plaintiff. *See id.* at 16-17. As Defendant correctly notes, communications regarding Plaintiff were not sought by the request; it sought communications between Plaintiff and Defendant's agents. *See* Resp. at 14. "The Court will not compel the production of documents that have not been requested." *Barnum v. Equifax Info. Servs., LLC*, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018).

Accordingly, this aspect of the motion to compel will be denied.

#### 3. Request for Production 3

This request for production seeks training and reference manuals used for the evaluation of claims. *See* Mot. at 5. Defendant's argument in the responsive brief is the same as stated with respect to Interrogatory 7; namely, that such documents are not relevant. *See* Resp. at 11. For the reasons stated above, the Court is not persuaded by Defendant's argument.

Accordingly, this aspect of the motion to compel will be granted.

#### 4. Request for Production 4

This request for production seeks documents and communications regarding third-party administration contracts. *See* Mot. at 5. Although not so stated in response to the discovery itself, *see id.*, Defendant's response to the motion represents that there are no such documents or communications. *See* Resp. at 15. Plaintiff offers no discussion regarding that representation. *See* Reply.

Accordingly, this aspect of the motion to compel is granted in that Defendant must serve a supplemental response signed pursuant to Rule 26(g) of the Federal Rules of Civil Procedure indicating that there are no responsive documents.

### 5. Request for Production 5

This request for production seeks documents pertaining to Defendant's net worth over a five-year period. *See* Mot. at 5. Defendant's argument in the responsive brief is the same as presented with respect to Interrogatory 3; namely, that an insufficient showing is made as to an entitlement to punitive damages. *See* Resp. at 10. For the reasons stated above, the Court is not persuaded by Defendant's argument.

Accordingly, this aspect of the motion to compel will be granted.

### 6. Request for Production 6

This request for production seeks documents pertaining to Defendant's net income or loss over a five-year period. *See* Mot. at 5. Defendant's argument in the responsive brief is the same as presented with respect to Interrogatory 3; namely, that an insufficient showing is made as to an entitlement to punitive damages. *See* Resp. at 10. For the reasons stated above, the Court is not persuaded by Defendant's argument.

Accordingly, this aspect of the motion to compel will be granted.

### 7. Request for Production 8

This request for production seeks Plaintiff's paperwork when applying for coverage. *See* Resp. at 15 (representing narrowing of requests scope by Plaintiff's counsel during meet-and-confer). Although not so stated in response to the discovery itself, *see id.*, Defendant's response to the motion represents that there are no such documents, *see* Resp. at 15. Plaintiff offers no discussion regarding that representation. *See* Reply.

Accordingly, this aspect of the motion to compel is granted in that Defendant must serve a supplemental response signed pursuant to Rule 26(g) of the Federal Rules of Civil Procedure indicating that there are no responsive documents.

### 8. Request for Production 9

This request for production seeks any videos surveilling Plaintiff. *See* Mot. at 6. Defendant's argument in the responsive brief is the same as stated with respect to Interrogatory 13; namely, that it has no duty to provide responsive documents that it intends to use only for impeachment. *See* Resp. at 11-12.

For the reasons stated above, the Court is not persuaded by Defendant's argument and this aspect of the motion to compel will be granted.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part. The supplementation ordered herein must be served by May 14, 2020.[7]

IT IS SO ORDERED.

Dated: April 24, 2020

                                                Nancy J. Koppe
                                                United States Magistrate Judge

---

[7] The Court declines to opine on an award of expenses based on the sparse presentation provided. If expenses are sought, a proper motion meaningfully addressing both the entitlement to expenses and the amount of expenses must be filed by May 7, 2020.